GOGGIN *v.* PETTY.

(*Nashville,* December Term, 1947.)

Opinion filed July 17, 1948.

RAY STUART, and W. M. LEECH, both of Charlotte, and
ROBT. S. CLEMENT, of Dickson, for appellant.

B. B. GULLETT and LOUIS FARRELL, JR., both of Nashville, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Both the complainant and the defendant, as common carriers, operate freight truck lines on certain State Highways between Dickson and Nashville. Alleging that the defendant was engaged in an unauthorized operation for which he had no certificate from the Railroad and Public Utilities Commission, and which was an infringement of and interference with the operation of the complainant under its certificate from the Commission, the complainant filed his original bill seeking a permanent injunction of the alleged unauthorized operation by the defendant.

Defendant demurred to the bill. The Chancellor overruled the demurrer giving the right to the defendant to rely on the demurrer in his answer, and the defendant thereupon filed an answer. Later the parties entered into a stipulation of facts, and after hearing argument, the Chancellor handed down an able opinion in which all points of the controversy were carefully considered; he then entered a decree by which he reaffirmed his action in overruling defendant's demurrer; found that the allegations of complainant's bill that the operation by the defendant was illegal and unauthorized were true; and entered a permanent injunction restraining defendant from hauling freight or property as a common carrier for hire from Dickson, Tennessee, to Nashville, Tennessee, via Charlotte and Ashland City over State Highways Nos. 48, 49 and 12, and from Nashville to Dickson over the same route; and further enjoined defendant from hauling freight to or from Dickson and Nashville

over State Highway No. 1. From this deed the defendant has perfected his appeal to this Court.

It is necessary first to consider the motion of the complainant to dismiss the assignments of error on the ground that they—twelve in number—are manifestly insufficient, irregular and fail to comply with our rule 14, 173 Tenn. 873, 874. The assignments state that the Chancellor erred in various holdings, but do not state in any case ''Wherein the action complained of is erroneous.''

''The assignments in this case do none of these things; but simply state, in general terms, that the court erred in doing some things, and in not doing others, without the slightest intimation of fact or reason or history of the case from which the conclusions of the solicitor had been drawn, and, of course, affording no aid to the court in expediting business.'' *Wood* v. *Frazier*, 86 Tenn. 500, 504, 8 S. W. 148, 149.

■ While on account of their insufficiency we decline to consider the assignments of error *seriatim*, we will state briefly why we think the Chancellor was correct and the injunction proper.

■ Before there can be legal operation as a common carrier, it is necessary to secure a Certificate of Convenience and Necessity from the Railroad and Public Utilities Commission. Such certificates when issued ''shall be subject to such rules and regulations as the Commission may thereafter legally prescribe.'' Code, sec. 5501.5 (c). The defendant here operates under two such certificates, one of which provides that the operation between Dickson and Charlotte shall be with ''closed doors,'' and the other that the operation between Nashville and Ashland City shall be with ''closed doors.'' By paragraph 5 of the stipulation of the parties, which is

conclusive so far as this law suit is concerned, it is agreed as follows:

"(5) The Railroad and Public Utilities Commission in its administrative 'rulings and interpretations has for many years uniformly held that when a permit to a carrier calls for, or limits the carrier to operation with, "closed doors" between any two points, that the carrier may not accept freight or deliver freight at one of the two points destined for the other point."

The effect of this agreement is further elaborated and clarified by the undisputed affidavit of the Secretary of the Railroad and Public Utilities Commission which is a part of the record.

"The settled construction of the words 'closed doors' is that freight may not only not be picked up between these two points but that freight may not be picked up at one point destined to the other point. In other words 'closed doors' beween Nashville and Ashland City as set out in certificate No. 1105-B held by Petty Truck Line does not authorize the said Petty to haul any freight from Nashville to Ashland City but only authorizes said Petty to haul freight from Nashville to points beyond Ashland City along Highway 49 to Charlotte, Tennessee, and thence along Highway No. 48 to Cumberland Furnace, Tennessee. And that certificate No. 1105-A held by the said Petty Truck Line with 'closed doors' from Dickson to Charlotte, Tennessee, does not authorize the said Petty to haul freight from Dickson to Charlotte, but only authorizes the said Petty to haul freight from Dickson through Charlotte to any place beyond there, to and including Vanleer, Tennessee."

Clearly, therefore, the only authority which defendant had to operate as a common carrier for hire in

Tennessee forbade him to operate as such by carrying freight from Nashville to Dickson and from Dickson to Nashville. The Chancellor so held and permanently enjoined the defendant from the illegal and unauthorized operation. His decree is affirmed at defendant's cost.

All concur.